UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al*., <br><br> Respondents. | Case No. C25-1787-DGE-MLP <br><br> REPORT AND RECOMMENDATION |

Petitioner John Demos is a Washington prisoner who is well-known locally and nationally as an abusive litigant. Mr. Demos has submitted to the Court for filing a document which he identifies as a "Motion and Petition for the Court's Authorization to File a 2nd or a Successive Writ of Habeas Corpus Petition." (Dkt. # 1.) Given Petitioner's extensive litigation history, he is no doubt aware that an application for an order authorizing the filing of a second or successive federal habeas petition must be directed to the court of appeals and not to the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Ninth Circuit Rule 22-3 makes this procedure clear as well and sets forth the specific requirements for filing such an application in the Ninth Circuit Court of Appeals.

REPORT AND RECOMMENDATION
PAGE - 1

The Circuit Advisory Committee Note to Rule 22-3 provides that the district court is "required to transfer mistakenly filed applications for authorization to file a second or successive section 2254 petition or 2255 motion." However, it does not appear that Mr. Demos *mistakenly* filed his motion here as he even cited to § 2244 in the caption of the motion, suggesting he is familiar with the provision requiring that applications for leave to file a second or successive petition be filed in the court of appeals. The Court notes as well that Petitioner is subject to filing restrictions in the Ninth Circuit just as he is in this Court. *See Demos v. v. U.S. Dist. Court for Eastern Dist. of Washington*, 925 F.2d 1160 (9th Cir. 1991). Petitioner should not be permitted to circumvent any applicable restrictions on his Ninth Circuit filings by intentionally filing the instant motion in this Court. Finally, the Court observes that Petitioner's motion does not comport with the requirements of Ninth Circuit Rule 22-3, and thus, he would likely be required to submit a new application for leave to file a second or successive petition to the Ninth Circuit even if this Court were to transfer the instant motion to that court.

For the foregoing reasons, this Court recommends that Petitioner's motion (dkt. # 1) be STRICKEN without prejudice to him submitting a proper application for leave to file a second or successive habeas petition to the Ninth Circuit. This Court further recommends that all of Petitioner's proposed motions (dkt. ## 1-1, 2, 3, 4) be DENIED as moot, and that the Clerk be directed to CLOSE the instant action. A proposed Order is attached.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION
PAGE - 2

motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 29, 2025**.

Dated this 8th day of October, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge